# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: June 10, 2026

```
* * * * * * * * * * * * * * * * * * * *
LORI WALTER,                       *
                                   *      No. 23-0029V
                Petitioner,        *      Special Master Christian J. Moran
                                   *
v.                                 *
                                   *      Filed: March 31, 2026
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                Respondent.        *
* * * * * * * * * * * * * * * * * * * *
```

Lori Walter, pro se, Colby, KS;
Heather Lynn Pearlman, United States Dep't of Justice, Washington, D.C., for
respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1] [2]

Lori Walter sought compensation through the Vaccine Program. 42 U.S.C.
§ 300aa-10 through 34 (2012). Ms. Walter, however, appears not to be interested
in continuing the litigation as she has not responded to orders. Because Ms. Walter
has not prosecuted her case, her case is DISMISSED.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any
redactions ordered by the special master will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Order and Decision was initially filed on March 31, 2026,
and the parties were afforded 14 days to propose redactions. The parties did not propose any
redactions. Accordingly, this Order and Decision is reissued in its original form for posting on
the Court's website.

I.      **Procedural History**

Represented by attorney Lawrence Gene Michel, Ms. Walter alleged that the flu vaccine she received on or about December 23, 2020, caused her left shoulder pain and related symptoms.  See Pet., filed Jan. 9, 2023, at 1.  She filed medical records over the next several months.

Although Ms. Walter filed a record indicating that she did receive the flu vaccine on December 23, 2020, the record did not show in which arm petitioner received the vaccine.  Additionally, of the other medical records filed, "none of the records filed cover the three-year pre-vaccination time period," and some records did not have certifications from the provider.  See Order, issued Oct. 6, 2023.  Ms. Walter was ordered to file a record indicating the arm in which she received the vaccine; her medical records from three years prior to the vaccine administration; certifications from her providers; and a statement of completion and updated exhibit list by January 4, 2024.  Id.

On October 10, 2023, Attorney Michel filed a motion to withdraw, as he had accepted a position elsewhere.  Ms. Walter indicated that she intended to retain new counsel.  Pet'r's Status Rep., filed Oct. 18, 2023.  Ms. Walter next filed a motion for interim attorney's fees and costs on October 24, 2023.  Respondent filed an opposition on October 31, 2023, arguing that an award was not warranted at this juncture, and that the record did not demonstrate that there was a reasonable basis for filing the petition.  Ms. Walter did not file a reply.

Ms. Walter was ordered to have her new counsel enter an appearance by December 11, 2023.  Order, issued Nov. 1, 2023.  Attorney Michel filed a certificate of service on November 3, 2023, certifying that petitioner was served with the order.  Nearly two years elapsed with no communications or filings made from Ms. Walter, her counsel, or any new counsel.  On October 6, 2025, Attorney Michel's motion to withdraw was granted.  The case was designated as a pro se case.  The following day, the case was reassigned to the undersigned.

Ms. Walter was served with the new orders via first class mail.  However, the mail was returned to the Court as undelivered.  An Order to Show Cause issued on October 28, 2025, and was sent to Ms. Walter via Certified Mail.  This order was also returned to the Court as undelivered, as the forwarding time had expired.  Out of an abundance of caution, a second Order to Show Cause was sent to the address listed on the returned October 28, 2025 order. Ms. Walter was given a deadline of February 9, 2026 to respond.  To date, Ms. Walter has not responded.

2

## II.   Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case.  Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Ms. Walter appears to have no interest in maintaining her case.  Over the last two years, Ms. Walter has not retained new counsel, nor communicated with the Court to seek more time to retain counsel or express interest in continuing pro se.  In addition, it appears that Ms. Walter moved, but had not advised the Court of how to contact her.  She did not respond to the two orders to show cause.  Her case is therefore dismissed.

**This case is dismissed for failure to prosecute.  The Clerk shall enter judgment accordingly.**   See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

3